IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMETERIO RODRIGUEZ BANUELOS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br>Case No. 2:16-CR-58 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

Defendant was charged with possession of methamphetamine with intent to distribute after the car he was driving was found to contain approximately 15 pounds of methamphetamine. The Court sentenced Defendant to 66 months' imprisonment. Defendant now seeks release, arguing that he suffers from medical conditions that pose a much greater risk of severe complications or death if he were to contract COVID-19 while in custody.

## II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. §

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2]  In two recent decisions, the Tenth Circuit has held USSG §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.[3]  Instead, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[4]  Because there is no policy statement "applicable" to §

---

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[3] *McGee*, 992 F.3d at 1050; *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021).

[4] *McGee*, 992 F.3d at 1050; *see also Maumau*, 993 F.3d at 837 (same).

3582(c)(1)(A) motions filed by prisoners, the Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[5]

Defendant contends he suffers from several health conditions that put him at a higher risk of severe complications or death from COVID-19. However, Defendant has received two doses of the Moderna vaccine.[6] A number of courts have held that a fully vaccinated individual, such as Mr. Banuelos, cannot show an "'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A) when the motion is based on COVID-19 concerns."[7] The medical evidence supports the conclusion that Defendant's risk of death or severe illness is dramatically reduced given his vaccination status. Thus, Defendant has not shown "extraordinary and compelling" reasons for a sentence reduction.

Even assuming Defendant's medical conditions, in conjunction with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification is warranted under the 18 U.S.C. § 3553(a) factors.[8] The Court has considered those factors and concludes that Defendant's requested relief is inappropriate. As stated, Defendant was charged with possession of methamphetamine with

---

[5] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also Maumau*, 993 F.3d at 834 (same).

[6] Docket No. 53-3.

[7] *United States v. Burgoon*, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (collecting cases).

[8] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

intent to distribute.  Defendant was found with a large quantity of methamphetamine and acknowledge being paid to transport it across state line.  The sentence Defendant received reflects the seriousness of his conduct.  That sentence is also necessary to provide deterrence to this Defendant and others, and to protect the public.  Therefore, release is not appropriate under the relevant factors.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 43) is DENIED.

DATED this 13th day of July, 2021.

BY THE COURT:

Ted Stewart
United States District Judge